UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN EVANGELISTA,

      Plaintiff,                              Case No. 14-cv-12569
                                                  Hon. Matthew F. Leitman

v.

AUTO-WARES, LLC, *et al.*,

      Defendants.
_____/

## <u>ORDER DENYING (1) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S "REGARDED-AS" DISABLED DISCRIMINATION CLAIM (ECF #33) AND (2) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #34)</u>

### <u>Background</u>

In April 2012, Darryl Davis ("Davis") applied for a job as a delivery driver with Defendant Auto-Wares, LLC ("Auto-Wares"). At that time, Davis was suffering from end-stage renal disease and was undergoing regular dialysis treatments. A dialysis port had been surgically implanted into his right arm. As a result of the port, Davis' doctors prohibited him from lifting more than 20 pounds with his right arm. This lifting restriction did not apply to his left arm; he was free to lift as much as he could with that arm. Even though Davis could lift only twenty pounds with his right arm, he could lift up to fifty pounds using both arms together.

1

Auto-Wares' job posting for the delivery driver position said that applicants needed to be able to lift up to fifty pounds.  Davis deemed himself qualified for the position because, despite the restriction applicable to his right arm, he was able to lift a total of fifty pounds using both arms.

Davis' interview with Auto-Wares went well.  Based on the positive interview, Auto-Wares sent Davis for a pre-employment physical examination. The examiner noted Davis' right-arm lifting restriction but nonetheless deemed him physically able to perform the delivery driver position.  Auto-Wares reached a different conclusion.  Linda Schumacher ("Schumacher"), Auto-Wares' Vice-President of Human Resources, determined that Davis' right-arm lifting restriction precluded him from performing the required duties of the delivery driver position. Based upon that determination, Schumacher decided that Auto-Wares would not make a job offer to Davis.

Davis then brought this action against Auto-Wares.[1]  He asserts two discrete theories of disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 1201, *et seq.*  (the "ADA") and the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101 *et seq.* (the "PWDCRA").  The first theory proceeds on the assertion that he is actually disabled (*see* Amended Compl., ECF

---

[1] Davis filed for bankruptcy, and the action is now being pursued on behalf of his bankruptcy estate by Trustee Karen Evangelista.  For ease of reference, the Court's discussion above treats Davis as the Plaintiff.

#17 at ¶ 16, Pg. ID 152), and the second theory proceeds on the assertion that Auto-Wares regarded him as being disabled even though he is not actually disabled (*see id.* at ¶ 22.c, Pg. ID 153). The parties have completed discovery, and each has filed a motion for summary judgment. (*See* ECF ## 33, 34.) Davis seeks summary judgment on liability on his "regarded-as" disabled claim, and Auto-Wares seeks summary judgment on all of Davis' claims. The Court has reviewed the parties' original (*see id.*) and supplemental briefs (ECF ## 56, 57) and has carefully considered the oral arguments presented by the parties. For the reasons explained below, the Court **DENIES** both motions.

## The Dispositive Issue Now Before the Court

In order to prove his *prima facie* case of disability discrimination, Davis must show that (1) he has a "disability,"[2] "(2) he is otherwise qualified to perform the essential functions of [the delivery driver] position, with or without accommodation, and (3) he suffered an adverse employment action because of his disability." *Demyanovich v. Cadon Plating & Coatings, LLC*, 747 F.3d 419, 433 (6th Cir. 2014). Both motions now before the Court turn primarily on whether Davis was "otherwise qualified" for the position even though he could lift only twenty pounds with his right arm. Indeed, Auto-Wares offers the same argument

---

[2] The term "disability" as used above includes both having "a physical or mental impairment that substantially limits one or more major life activities" and "being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A), (C).

3

in support of its motion and in opposition to Davis' motion: namely, that as a matter of law, Auto-Wares did not violate the ADA or the PWDCRA when it declined to hire Davis because he was not qualified to perform the required duties.

Whether Davis was "otherwise qualified" depends upon whether he could perform the essential functions of the delivery driver position, with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Rorrer v. City of Stow*, 743 F.3d 1025, 1038 (6th Cir. 2014).  Davis contends that he could perform the essential functions of the delivery driver position because he was able to lift up to a total of fifty pounds.  Auto-Wares counters that a delivery driver must be able to lift the fifty-pound total while equally distributing the weight among both arms.  Thus, the dispositive issue now before the Court is whether the ability to lift fifty-pound items using both arms equally is an essential function of the delivery driver position.

## The "Essential Function" Framework

A federal regulation, 29 C.F.R. § 1630.2(n), provides substantial guidance for determining whether a particular job function is "essential."  That regulation provides:

(n)     Essential functions

(1)     In general.  The term essential functions means the fundamental job duties of the employment position the individual with a disability holds or desires.

4

The term "essential functions" does not include the marginal functions of the position.

(2)     A job function may be considered essential for any of several reasons, including but not limited to the following:

    (i)     The function may be essential because the reason the position exists is to perform that function;

    (ii)    The function may be essential because of the limited number of employees available among whom the performance of that job function can be distributed; and/or

    (iii)   The function may be highly specialized so that the incumbent in the position is hired for his or her expertise or ability to perform the particular function.

### The Parties' Key Evidence (and Lack Thereof) on the "Essential Function" Issue

Davis has presented *very* persuasive evidence that the ability to lift fifty pounds equally with both arms is *not* an essential function of the delivery driver job – and that he is thus "otherwise qualified" for the position – under the relevant criteria.  That evidence includes:

- Auto-Wares' job description for the position states that applicant must be able to lift "large items . . . of up to 50lbs" and says nothing about the ability to lift the specified weight equally with both arms. (Job Descr., ECF #33-3 at 2, Pg. ID 721.)

- Davis previously and subsequently performed the same job delivering the same products for two of Auto-Wares' competitors, and the twenty-pound lifting restriction in his right arm did not interfere with his ability

5

to do the job.  (*See* Davis Dep., ECF #33-2 at 41-53, 142-43, Pg. ID 712-13, 719.)

- The medical review ordered by Auto-Wares concluded that Davis was "[a]ble to perform [the] essential functions" of the delivery driver position. (Report, ECF #33-5 at 2, Pg. ID 726.)

- Schumacher agreed that an applicant "would satisfy the requirements" for the delivery driver job if he "could lift and carry objects up to 50 pounds with either one arm or mostly with one arm and just slight assistance of the other arm . . . ." (Schumacher Dep., ECF #33-9 at 32, Pg. ID 746.)

Likewise, Davis has accurately noted that Auto-Wares has failed to present evidence with respect to several of the governing "essential function" criteria. More specifically, Davis highlights that:

- Auto-Wares has not presented any evidence that the delivery driver position was established for the purpose of lifting heavy items equally with both arms.

- Auto-Wares has not presented evidence that it has a limited number of employees available to lift and deliver items that may require lifting with the equal use of both arms.

- Auto-Wares has not presented evidence that the delivery driver position was specialized such that the incumbent in the position was hired for his particular ability to lift heavy items equally with both arms.

- Auto-Wares has not presented any evidence concerning the amount of time that a delivery driver spends lifting heavy items that can only be lifted using both arms equally.

- Auto-Wares has not presented any evidence concerning the consequences of excusing Davis from lifting the heavy items that can only be lifted with both arms equally.

6

- Auto-Wares has not presented any evidence from current or former delivery drivers to support its claim that certain heavy items must be lifted using both arms equally.

In response, Auto-Wares highlights testimony from James Moroney ("Moroney"), an Auto-Wares store manager who was slated to manage the store at which Davis applied to work and who would have been supervising Davis. At one point during his deposition, Moroney testified that a delivery driver must be able to lift heavy items equally with both hands:

> Q.    So would the delivery driver job be able to be performed with just one arm?
>
> A.    No, *the shape of the packages, the way the loads are distributed, a person has to be able to do equal work with both arms*. A case of anti-freeze has two handle holes in it and it's approaching fifty pounds and if you tried to pick it up with one hand the box would tear. It has to come off the ground in a straight even pull. A bag of floor dry is easily 36 inches long and you have to get up underneath it and *balance*. There's no way to pick that up with one hand and that's a fifty pound bag. And there is no – drums and rotors they're stacked on shelves. Some shelves are up above shoulder height. Even for a tall person like me you have to be able to get a proper *balance* when you're taking that down to avoid injury and avoid dropping and possibly damaging your product.
>
> *These are things that they have to do all day every day in the course of the business* and like I said, it's unreasonable to even consider somebody that is not able to do that in that position.

7

(Moroney Dep., ECF #34-11 at 110-11, Pg. ID 1134; emphasis added.) Moroney specifically testified that an applicant with a lifting restriction of twenty pounds in one arm would *not* meet the requirements of the delivery driver position. (*See id*. at 115, Pg. ID 1135.) Auto-Wares further highlights testimony from both Schumacher and Moroney that delivery drivers consistently must be able to lift up to fifty pounds and that the job cannot be done with one arm. (*See generally* Auto-Wares' Supp. Br., ECF #56 at 5-12, Pg. ID 1940-47.)

## A Material Factual Dispute on the "Essential Function" Issue Precludes Summary Judgment in Favor of Either Party

"Whether a job function is essential 'is a question of fact that is typically not suitable for resolution on a motion for summary judgment.'" *Rorrer*, 743 F.3d at 1039 (quoting *Keith v. Cty. of Oakland*, 703 F.3d 918, 926 (6th Cir. 2013)). The evidence presented on the "essential function" issue here is not so one-sided as to warrant summary judgment for either party.

### A.    Davis' Motion

Davis may prevail on his motion only if the evidence establishes as a matter of law that the ability to lift heavy items equally with both arms – something he cannot do – is not an essential function of the delivery driver job.[3] Even though

---

[3] Stated another way, Davis must demonstrate the absence of a material factual dispute on the issue of whether the ability to lift heavy items equally with both arms is an essential function. *See Rorrer*, 743 F.3d at 1038. And in doing so he must draw all inferences in favor of Auto-Wares. *Id.*

8

Davis has presented extremely persuasive evidence that equal lifting is not an essential function of the job, he has not negated the existence of a material factual dispute on the essential function issue. Moroney's testimony quoted above, when construed in Auto-Wares' favor, creates a material factual dispute as to whether a delivery driver must be able to lift equally with both arms. Moroney offered more than his mere judgment or opinion on this issue; he offered specific facts that, if accepted by a jury, could support a finding that lifting equally with both arms is essential to the delivery driver job. He noted that, given the shape and load distribution of many of the packages, the equal use of both arms is required. And he said that delivery drivers must lift loads that require full use of both arms "all day every day." (Moroney Dep., ECF #34-11 at 111, Pg. ID 1134.) Despite the strength of Davis' evidence, Moroney's testimony, when construed in Auto-Wares' favor, creates a material factual dispute on the essential function.[4]

---

[4] In its opposition to Davis' motion, Auto-Wares repeatedly stresses that its delivery drivers must be able to lift up to fifty pounds on a regular basis. This argument does not help Auto-Wares. The evidence undoubtedly establishes that Davis *can* lift up to fifty pounds and that he *can* do so on a regular basis. The only thing that Davis cannot do is use his two arms *equally* to lift items over fifty pounds. This case thus centers not on the question of how much weight Davis can lift but, instead, on whether a particular manner of lifting the prescribed weight is essential to the delivery driver position.

### B.    Auto-Wares' Motion

Auto-Wares may prevail on its motion only if the evidence, when viewed in Davis' favor, establishes as a matter of law that the ability to lift heavy items equally with two arms is an essential function of the delivery driver position.  It plainly does not.[5]  Indeed, Davis has presented a mountain of evidence (described above) that a person with his precise lifting restriction – i.e., the ability to lift a total of up to fifty pounds but with a twenty pound limit on one arm – could successfully perform the tasks assigned to a delivery driver.  Davis' evidence plainly precludes summary judgment in favor of Auto-Wares.

Auto-Wares argues in the alternative that it is entitled to summary judgment because it had an "honest belief" that Davis was not qualified.  But as Davis correctly argues, Auto-Wares is not entitled to summary judgment under that rule for at least two reasons.  First, that rule applies in the context of conducting a pretext analysis,. s*ee Smith v. Chrysler Corp.*, 155 F.3d 799, 806 (6th Cir. 1998), (honest belief doctrine applies in context of pretext analysis), but here, there is no

---

[5]  Auto-Wares also seeks summary judgment on the ground that Davis is not actually disabled within the meaning of the ADA. (*See* Def.'s Mot. Summ. J., ECF #34 at 16, Pg. ID 830.)  But as Davis correctly noted, Auto-Wares supports its arguments by citing to provisions of the ADA, federal regulations, and case law that were superseded by the ADA Amendments Act of 2008 (the "ADAAA"), 42 U.S.C. § 12101 *et seq.*  In contrast, Davis has cited current precedent supporting his allegations that he may qualify as actually disabled under the ADAAA. (*See* Pl.'s Mot. Summ. J., ECF #38 at 17, Pg. ID 1215.)  The Court declines to grant summary judgment to Auto-Wares on the actual disability theory.

10

need to conduct a pretext analysis because Auto-Wares admits that it declined to hire to Davis based upon his lifting restriction, not for any other reason. *See Cannon v. Jacobs Field Serv*., 813 F.3d 586, 594 (5th Cir. 2016) (where employer admits that it acted based upon an applicant's physical limitations, the dispositive question is whether applicant could perform essential job functions, and no pretext analysis is necessary in resolving summary judgment motion).

Second, even if the rule applied, there would at least be a question of fact as to whether Schumacher, Auto-Wares' decision-maker, made a reasonably informed and considered decision when she determined that Davis could not perform the essential functions of the delivery driver job. Davis' examination of Schumacher during her deposition raised serious questions about whether Schumacher had any reasonable basis for concluding that Davis could not do the job. Thus, even if the honest belief doctrine applied, it would not entitle Auto-Wares to summary judgment. *See Yazdian v. ConMed Endoscopic Tech., Inc.*, 793 F.3d 634, 653-54 (6th Cir. 2015) (holding that employer not entitled to summary judgment under honest belief doctrine where there was question of fact as to whether employer conducted reasonable investigation before taking adverse action).

## Conclusion

For the reasons explained above, the pending motions for summary judgment (ECF ## 33, 34) are **DENIED**.  The parties shall appear for a settlement conference at a date and time to be set by the Court.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 11, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 11, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

12